UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIX COTTO | : | |
| | : | CIVIL NO. 3:02CV1562(TPS) |
| v. | : | |
| | : | |
| COMMISSIONER JOHN ARMSTRONG, | : | |
| HECTOR RODRIGUEZ, DR. JACH D. | : | |
| MALEH, MR. COOPER, JOHN AND | : | |
| JANE DOE | : | AUGUST 10, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

This is a civil rights action filed a *pro se* plaintiff pursuant to 42 U.S.C. § 1983 against current and former Connecticut State Department of Correction officials, John Armstrong, Hector Rodriguez, Dr. Maleh[1], Mr. Cooper, (hereinafter "the defendants"), and a Jane and John Doe. The plaintiff has filed this action pursuant to §1983, alleging that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The defendants are sued in both their individual and official capacities and the plaintiff seeks unspecified compensatory and punitive damages.

This motion for summary judgment seeks a judgment in favor of the defendants. As the attached Statement of Undisputed Facts and the plaintiff's own complaint demonstrate, the plaintiff has not established a violation of his federal, or state law rights.

WHEREFORE, the defendants respectfully requests that summary judgment be entered in their favor on all of the plaintiffs' claims.

---

[1] Dr. Maleh is deceased. A statement of the fact of death has been filed simultaneously with this Motion for Summary Judgment.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c) requires the entry of Summary Judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[T]he mere existence of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* A "material fact" is one whose resolution will affect the ultimate determination of the case. *Id.* In determining whether a material fact exists, the court must resolve all ambiguities in favor of the non-moving party. *Id.,* at 255. *See also J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990), *cert. denied*, 499 U.S. 921, 11 S.Ct. 1313, 113 L.Ed.2d 246 (1991). In further comment regarding the use of summary judgment, the Supreme Court has stated:

> summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules, as a whole, which is designed to secure the just, speedy and inexpensive determination of every action.

*Celotex, Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Used properly, Rule 56 is a "vital procedural tool to avoid wasteful trials," *Capitol Imaging Assocs. v. Mohawk Valley Medical Assocs.*, 996 F.2d 537, 541 (2d Cir.), *cert. denied*, 510 U.S. 497 (1993), and to "isolate and dispose of factually unsupported claims." *Celotex Corp.*, at 323-324.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the portions of the pleadings, affidavits or other documentary

evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Those facts that are material will be identified by the substantive law governing the case. *Anderson,* 477 U.S. at 248. Once the moving party meets its burden, the burden shifts to the non-moving party.

To defeat a motion for summary judgment, the non-moving party may not merely rely upon unsupported allegations made in their complaint, nor rely on "mere speculation or conjecture" to overcome a motion for summary judgment. *Knight v. Fire Insurance Company*, 804 F.2d 9, 12 (2nd Cir. 1986), *cert. denied*, 480 U.S. 932 (1987). The evidence must be presented in a manner consistent with its admissibility at trial. *See First National Bank Co. of Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760 (7th Cir. 1979)(in ruling on summary judgment motion, the court properly relied upon documents and exhibits identified by affidavit). Unsworn statements of the parties, letters addressed to the litigants from third persons, and hearsay which does not fall under one or more exceptions listed in rules 803-805 of the Federal Rules of Evidence, may not be properly considered. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Beyene v. Coleman Security Service, Inc.*, 854 F.2d 1179 (9th Cir. 1988); *Edward B. Marks Music Corp. v. Stansy Music Corp.*, 1 F.R.D. 720 (S.D.N.Y. 1941). Moreover, the plaintiff must point to specific evidence to show the existence of every element essential to the case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

## ARGUMENT

I. **THE PLAINTIFF'S CLAIMS AGAINST THE JOHN AND JANE DOE DEFENDANTS ARE INVALID**

The plaintiff's claims against Jane and John Doe medical staff are invalid because of insufficient service of process. Federal Rule of Civil Procedure Rule 4(e) provides that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district in the United States:
> (1) "pursuant to the law of the state in which the District Court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the state, or
> (2) by delivering a copy of the summons and the complaint to the individual personally.... .

In this case, the plaintiff could not have served either Jane or John Doe medical staff, because he does not know who they are. Since the plaintiff cannot identify them, he cannot serve them with a summons and complaint and thus his claims against the Jane and John Doe defendants must be dismissed. F.R.C.P. Rule 4. Furthermore, it has been over 120 days since the Complaint was filed and because both the Jane and John Doe defendants are unidentified persons, they have not been served. As a result, F.R.C.P. Rule 4(m) dictates that the claims against them be dismissed.

The naming of Jane and John Doe defendants is likewise improper under Connecticut law, which dictates that "[c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties . . ." C.G.S. §52-45a. The Connecticut Practice book does not authorize the naming of Jane or John Doe defendants, nor does Connecticut have a fictitious name statute that authorizes naming a Jane or John Doe defendant. In those jurisdictions that permit suits against a defendant whose identity or name is unknown, there are statues authorizing the fictitious designation. 67A *C.J.S. Parties* 115 pp. 937-39 (1978).

The Supreme Court of Connecticut has ruled that General Statutes §52-45a "provides in part, that writs in civil actions shall describe the parties by their real names, so that they may be identified." *Buxton v. Ullman*, 147 Conn. 48, 59, 156 A.2d 508 (1959), *appeal dismissed*, 367

U.S. 497, 81 S.Ct. 1752, 6 L.Ed. 2d 989, *reh. denied*, 368 U.S. 869, 82 S. Ct. 22, 7 L. Ed. 2d 69 (1961).  The plaintiff's designation of Jane and John Doe medical staff is thus improper, as the true identity of the person sued cannot be ascertained.  Since the Jane and John Doe defendants were improperly included in the summons and Complaint, service was therefore ineffective against them as individuals. C.G.S. §52-57[2].

Accordingly, given that the plaintiff has not effected proper service upon the Jane and John Doe defendants under either federal or state law, these two unidentified individuals should be dismissed from this action.

## II. DEFENDANTS ARMSTRONG, COOPER AND RODRIGUEZ WERE NOT PERSONALLY INVOLVED IN ANY OF THE INCIDENTS WHICH GAVE RISE TO THE PLAINTIFF'S COMPLAINT

Notwithstanding the fact that the plaintiff's Eighth Amendment claim lacks merit, his claims against Defendants Armstrong, Cooper and Rodriguez lack merit due to his failure to alleged that (former) Commissioner Armstrong, Mr. Cooper or Warden Rodriguez were personally involved in, or even had any personal knowledge of, the incidents which allegedly violated his rights.  Indeed, the sole basis for the claims against defendants Armstrong and Rodriguez are that the plaintiff wrote them a letter and they did not respond.  This however, is insufficient.  And he made no allegation about the action or inaction of Mr. Cooper, sufficient to implicate him in any violation of the plaintiff's rights.

A review of the plaintiff's Complaint reveals there are no facts which support his naming of Armstrong, Cooper or Rodriguez as defendants for being aware of the events alleged in his Complaint.  While he alleged that at some unknown point in time he wrote to one or more of

---

[2] Connecticut General Statutes §52-57 provides in relevant part: "MANNER OF SERVICE UPON INDIVIDUALS . . . Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

them, there is no evidence they received, or even read a letter written by him. However, even if they had, this would not be sufficient for them to become personally liable. Therefore, given the absence of any allegations that either of these defendants were personally involved in the incident, or that they had personal knowledge about it at the time of its occurrence, is grounds for summary judgment. "[P]ersonal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under Sec. 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978). Supervisory officials, such as (former) Commissioner Armstrong and Warden Rodriguez may be "personally involved" within the meaning of 42 U.S.C. Sec. 1983 only when their conduct is tantamount to actual participation in the alleged deprivation. *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). "A plaintiff must thus allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

Consistent with the requirement that personal involvement is required for a claim under §1983, the Supreme Court has ruled that the general doctrine of *respondeat superior* does not suffice to state a claim under §1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692-95(1978). Thus, in order to state a cognizable claim, the plaintiff must allege, and ultimately prove, "personal involvement of [the defendants] sufficient to support their liability for wrongful acts," not merely their "linkage in the . . . chain of command." *Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir. 1985). Supervisory responsibility alone however, is not enough to confer exposure to liability. *Williams v. Smith*, 781 F.2d 313, 323 (2d Cir. 1986); *Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir. 1974). "A plaintiff must allege a tangible connection between the acts of the defendants and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263(2d Cir. 1986). An official cannot be held liable merely because he occupies a high position in the prison hierarchy. *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). In this regard, the plaintiff has failed to allege any personal involvement by (former)

Commissioner Armstrong, Mr. Cooper, or Warden Rodriguez sufficient to hold them liable. Merely alleging that one or more had a position of authority is not enough. The plaintiff did not allege that any of the defendants were personally involved in any of his alleged rights violations. Therefore, defendants Armstrong, Cooper and Rodriguez are entitled to summary judgment.

### III. THE DEFENDANTS DID NOT VIOLATE THE PLAINTIFF'S EIGHTH AMENDMENT RIGHTS

The plaintiff's allegations that the defendants violated his Eighth Amendment rights because they did not immediately and thoroughly respond to his medical complaints, or more specifically, only treated his medical complaints with antibiotics, rather than a full medical examination, fails to state a constitutional claim. While the plaintiff may have stated a claim for negligence, this is not cognizable under Section 1983, nor permissible in a federal action, as negligence claims are barred by C.G.S. 4-165.

Moreover, the fact that the plaintiff admits in his allegations and his medical records clearly demonstrate, his requests for medical attention were responded to by the medical department and Dr. Maleh where noted, and he was prescribed a variety of medications and antibiotics. Consequently, the plaintiff's medical needs were not denied, and thus the plaintiff's deliberate indifferent claims must fail. Moreover, the fact that the plaintiff may have wanted to be treated by a physician outside of the Department of Correction, or even UCONN Health Center where he was treated after his diabetic attack on February 27, 2001, does not, however, state a claim for relief. The evidence shows that the plaintiff was promptly examined and given treatment for all his medical illnesses and complaints, both long standing and immediate. And when he suffered his first diabetic attack on February 27, 2001, he was promptly examined and transferred to UCONN Health Center because it was a better facility to treat the plaintiff than

was available at the correctional facility where he was at the time of the attack. Thus, there was no deliberate indifference to his needs and no violation of his constitutional rights. *See*, *LaBounty v. Coughlin*, 137 F.3d 68, 72 (2d. Cir. 1998) ("To succeed in showing deliberate indifference, [a plaintiff] must show that the acts of defendants involved more than lack of due care, but rather involved obduracy and wantonness in placing his health in danger").

The plaintiff's claim that he was a diabetic prior to February 27, 2001, simply is not supported by the medical evidence. The plaintiff was being treated and medicated for a variety of illnesses, but diabetes was not one of them. And contrary to the plaintiff's claim that he had attempted to get to the medical department to report his hypoglycemia prior to the 27th, also is not supported by the clinical record. Indeed, although the plaintiff had been seen by the medical department several times prior to February 27th, there is not a single mention that the plaintiff was a diabetic, because up to that time he was not. The plaintiff did suffer from a variety of maladies, but diabetes was not one of them, and he received medications for each. Perhaps the plaintiff has confused his repeated complaints and treatment for a sore throat, or believes that one was responsible for the other, but if so, he has not presented any medical evidence to support such a theory, nor is there any. In fact, as would be expected, his sore throat condition lasted far longer than his acute hypoglycemia, but as with all of his medical conditions, he was treated promptly, thoroughly, and with complete professionalism by all persons, defendants or not, as his medical records reflect.

Furthermore, if the plaintiff disagreed with the diagnosis and treatment of his illness, this alone does not implicate the Eighth Amendment, as questions of medical judgment are not subject to judicial review. *See*, *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). At most, if this court finds that one or more of the defendants were personally involved in the plaintiff's medical care, other than Dr. Maleh who is now deceased, then they were at most negligent in their diagnosis or treatment, or committed

medical malpractice. But, even if this were so, which it is not, then it still would not constitute an Eighth Amendment violation, as they cannot be liable under Section 1983 if they were merely negligent. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Simply put, the plaintiff cannot prove that one or more of the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, because the evidence does not satisfy the subjective or objective components of the legal requirement for such a claim. *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, ___ U.S. ___, 115 S.Ct. 1108 (1995). The objective component of such a claim, is that the alleged deprivation must involve a "sufficiently serious [medical need]". *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The term "serious medical need" contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway, supra*, 37 F.3d at 66 (quoting *Nance v. Kelley*, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting)). And while the defendants do not dispute that the onset of acute hypoglycemia could constitute a serious medical condition if left untreated, that is not what occurred here, as the evidence demonstrates. Consequently, the plaintiff cannot meet this requirement.

Similarly, the evidence does not satisfy the subjective component of the legal standard either, that the prison officials acted with "a sufficiently culpable state of mind." *Hathaway v. Coughlin, supra*, 37 F.3d at 66. "A prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994). Since the plaintiff had no diabetic history prior to its onset on February 27, 2001, the plaintiff has not met his burden of

proof under either the subjective or objective standard of the deliberate indifference test.

Finally, the evidence shows that the conduct, or non-conduct, of the defendants does not "shock the conscience" or constitute a "barbarous act" , which it must in order to state a claim under the Eighth Amendment. *McCloud v. Delaney*, 677 F.Supp. 203, 232 (S.D.N.Y. 1988) (citing *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970). Under the Eighth Amendment, a treating physician will be liable only if his conduct is "repugnant to the conscience of mankind." *Tomarkin v. Ward*, 534 F.Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting *Estelle*, 429 U.S. at 105-06). Because the plaintiff has not presented evidence that the defendants ignored his serious medical needs, or that they did so with conscious disregard to his medical health, the defendants are entitled to summary judgment.

### IV.    THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY ARE BARRED BY THE ELEVENTH AMENDMENT

It is well established law that the plaintiff's claims against the defendants in their official capacities are barred. Absent a waiver by the State, or valid Congressional override, the Eleventh Amendment bars a damage action against a state in federal court. *Kentucky v. Graham*, 413 U.S. 159, 169, 105 S.Ct. 3099, 3107 (1985); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355 - 1356 (1974); *Ford Motor Company v. Department of The Treasury of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350 - 351 (1945). "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057 (1978) (Per Curiam) (relief against State of Alabama and Alabama Board of Corrections overturned).

The Eleventh Amendment bar applies when a state or state officials are sued for damages in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 170, 105 S.Ct. 3099, 3107 (1985); *Cory v. White*, 457 U.S. 85, 90, 102 S.Ct. 2325, 2328 - 2329 (1982); *Edelman v. Jordan*,

415 U.S. 651, 663, 94 S.Ct. 1347, 1355 - 1356 (1974). A cause of action under 42 U.S.C. §1983 requires that it be brought against a person; neither a state or a state agency is a person within the meaning of 42 U.S.C. § 1983, nor is a state official sued in his official capacity for money damages. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 - 71, 109 S.Ct. 2304, 2311 - 2312.  And even Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Thus, those claims by the plaintiff against the defendants in their official capacity must be dismissed, as they are barred by the Eleventh Amendment.

### V.   THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

In the simplest terms, the defendants are all entitled to qualified immunity and thus judgment in their favor on all of plaintiff's claims, because any actions they may have taken involving the care and treatment of the plaintiff were reasonable under the circumstances and conducted in good faith.  This established axiom of constitutional jurisprudence applies with equal force to the allegations in plaintiff's Complaint based upon federal law as well as any of those founded upon state law.

The shield of qualified immunity generally protects government officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *O'Hagan v. Soto*, 725 F.2d 878, 879 (2d Cir. 1984).  As a general rule, prison officers are entitled to qualified immunity if: (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights.  *Oliviera v. Mayer*, 23 F.3d 642, 648 2d Cir. (1994). Immunity ordinarily should be decided by the court.  *Id*. 23 F.3d at 649; *quoting Hunter v.*

*Bryant*, 502 U.S. 224, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991).  To determine whether a particular right was clearly established at the time defendant acted, a court should consider; whether (1) the right in question was defined with "reasonable specificity"; (2) the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question, and (3) under preexisting law, a reasonable defendant official would have understood that his or her acts were unlawful.  *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991), cert. denied, 503 U.S. 961, 112 S.Ct. 1565, 118 L.Ed.2d 211 (1992).

Here, the plaintiff's illness was treated.  He admitted in his Complaint that he requested to see medical personnel and was seen.  He admitted that he was prescribed antibiotics for his illness and that he took that medication.  The plaintiff has not alleged that the diabetic attack of which he suffered was caused by the medication he was prescribed, or even that the defendants were aware that the conditions of which he complained were medically recognized symptoms of an upcoming diabetic attack.  As a result, the plaintiff has no basis in law or fact to blame the defendants for his suffering a diabetic attack.

Indeed, the plaintiff requested medical attention and it was provided.  No doctor can predict what may occur in the future, or when.  Reasonable efforts were made to treat the plaintiff for his illness symptoms, but medical problems can still occur.  The actions of Dr. Maleh, and the other defendants if deemed to have been involved in the plaintiff's care sufficiently to constitute a violation of his constitutional rights, were reasonable under the circumstances, were well within medical protocols, and were the actions any reasonable doctor would have taken if in their position.  It is clear that any defendant involved in the plaintiff's care acted in good faith reliance upon the medical department and/or their won medical training in their attempt to diagnose and assist in the plaintiff's care for his illness.  This is true even if it was later learned that this diagnosis was incorrect, which it has not been.  Nevertheless, the defendants are entitled to qualified immunity even if they were wrong in their diagnosis, because

any such error would have been reasonable; that is, a reasonably prudent medical person would have acted in the same manner as the defendants did if faced with the same circumstances. *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039-40, 97 L.Ed.2d 523 (1987). This second prong of the doctrine of qualified immunity leaves "ample room for mistaken judgments," and protects "all but the plainly incompetent or those who knowingly violate the law." *McCleary v. Navarro*, 504 U.S. at 967, 112 S.Ct. at 2324. "Because many situations which confront [doctors] in the course of their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But, the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. *Brinegar v. United States*, 388 U.S. 160, 176 (1940). In fact, a doctor's actions are objectively unreasonable only when no doctor of reasonable competence would have made the same choice in the same circumstances. *Id.*, 66 F.3d at 420-21.

Therefore, even in the event the actions of the defendants are deemed to have violated the plaintiff's Eighth Amendment rights, which they did not, then they are nevertheless entitled to qualified immunity, because their actions, if any, in treating the plaintiff's complaints of illness prior to his diabetic attack were reasonable. *Golino v. City of New Haven*, 950 F.2d 864, 870 (2nd Cir. 1991); *Baker v. McCollan*, 443 U.S. 146, 99 S.Ct. 2089, 2695 (1979). Thus, summary judgment should be entered on behalf of all defendants.

## **CONCLUSION**

For the foregoing reason, the defendants respectfully submit that their Motion for Summary Judgment be granted in favor of all defendants, with prejudice.

. DEFENDANTS
JOHN ARMSTRONG, ET AL

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:   __/s/_____
Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct17831
E-Mail: Robert.Fiske@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this, the 10TH day of August, 2005, to:

Inmate Felix Cotto, #183061
Corrigan Correctional Institution
986 Norwich-New London Turnpike
Uncasville, CT 06382


   /s/_____
Robert B. Fiske, III
Assistant Attorney General