UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FELIX COTTO : | |
|    *Plaintiff* : | CIVIL NO. 3:02CV1562(TPS) |
|                     : | |
|    V. : | |
|                     : | |
| JOHN ARMSTRONG, HECTOR : | |
| RODRIGUEZ, DR. JACH MALEH, : | |
| MR. COOPER, JOHN AND JANE DOE : | |
|    *Defendants* : | AUGUST 10, 2005 |

**THE DEFENDANTS LOCAL RULE 56(c) STATEMENT OF UNDISPUTED FACTS**

      Pursuant to Rule 56(c) of the Local Rules of Civil Procedure, the defendants file this statement of undisputed material facts in support of their Motion for Summary Judgment.

      1.     At all times which gave rise to his claims, the plaintiff was a convicted and sentenced inmate in the custody of the Connecticut Department of Correction. Exhibit A[1], page 1, para. 1.

      2.     On December 7, 2001, the plaintiff reported to the medical department that he suffered from a sore throat and that is was very painful. He was examined by Dr. Maleh and his findings were noted in the clinical record. Exhibit B[2], pg. 1. The plaintiff returned to the medical department over a month later, on January 28, 2001, still complaining of a sore throat. No other complaints were noted in the clinical record. Exhibit B, pg. 1. The record noted that white patches were discovered and the plaintiff was to see the doctor. Exhibit B, pg. 1. Later that same day, the plaintiff was seen by Dr. Maleh, who noted that the right tonsil was enlarged,

---

[1] Exhibit A: Plaintiff's Complaint.
[2] Exhibit B: Plaintiff's Medical Clinical Record, each page numbered individually in upper right hand corner.

continued the plaintiff's regular medications and added 500 mg. Amoxicillin. Exhibit B, pgs. 1, 2-6.

3. On February 5, 2001, the plaintiff was seen by the medical unit in response to his filing an emergency grievance. The plaintiff's complaint was that "the medications [were] not working", that he was "unable to eat due to pain" and complained of vomiting. Exhibit B, pg. 1. The plaintiff was examined and spots were found at the back of his tongue and a mild palpable lymph node with pain. He was continued on his medications and placed on a list to see the doctor for evaluation. Exhibit B, pg. 1, 2-6. The next day he was seen by Dr. Maleh who examined the plaintiff, took blood for analysis and ordered his medications to be continued. Exhibit B, pg. 2-6, 15, 22.

4. On February 21, 2001, the plaintiff was given a Barium Swallow, and prescribed additional medications, including Tylenol.

5. On February 26, 2001, the plaintiff reported to medical that "my throat is still sore" and that "I haven't eaten that well in two months. I lost about fifty pounds in sixty days", and complained that he had a sore throat and bumps on the back of his tongue. Exhibit B, pg. 15. Upon examination, some redness was noted with minimal swelling. No white patches were noted. The plaintiff stated that he vomited occasionally, but had no complaint of diarrhea. His vital signs were taken and were within normal range, and his weight was 177.5 lbs. The plaintiff was given ice cubes for his sore throat, placed on MD see list and medication ordered. Exhibit B, pg. 15, 2-6.

6. On February 27, 2001, at approximately 8:45 a.m., the plaintiff was seen by the medical department complaining of weakness and vomiting that morning. The plaintiff was found to be dehydrated and was given ice to rehydrate. A doctor examined the plaintiff and

started him on a Resource Standard Nutritional Supplement, in addition to his regular medications. Exhibit B, pg. 16, 23.

      7.      Later that day, at approximately 6:15 p.m., the plaintiff was discovered on the floor of his cell, but had no cuts or abrasions. Exhibit B, pg. 23. He was taken to the medical unit where he was evaluated by Dr. Gitzus. Dr. Gitzus then contacted Dr. Blanchette who recognized that the plaintiff was suffering from acute hyperglycemia, and as a new diabetic, ordered that insulin and IV fluids be administered to him while the medications for the plaintiff's HIV were temporarily halted. Exhibit B, pgs. 16, 17, 23-25.

      8.      By the next day, February 28, 2001, the plaintiff had been transferred to the University of Connecticut Health Center and was resting comfortably in bed with an IV for fluids, but still complained of thirst. Exhibit B, pg. 26-27, 52. He had been diagnoses as having "newly acquired Hypoglycemia." Exhibit B, pg. 27, 52. At 11:40 a.m, the plaintiff admitted to feeling better than yesterday and had a full appetite. Exhibit B, pg. 27.

      9.      On March 1, 2001, and the next few days, the plaintiff remained in the hospital receiving insulin and medication. He was feeling better, resting quietly in bed receiving an IV for fluids and water along with a prescribed diet and his thirst was down, though he was still occasionally complaining of thirst. Exhibit B, pg. 28, 29, 32, 34.

      10.      On March 6, 2001, the plaintiff was not permitted to eat due to a throat GI, barium swallow and culture being performed that day under the order of Dr. Blanchette. Exhibit B, pg. 30-31, 34. The next day, the plaintiff continued to experience sore throat pain, but was administered Miracle Mouthwash along with his regular medications and by the next day, reported that his "throat felt a lot better." Exhibit B, pg. 37.

11.     On March 8, 2001, the plaintiff complained that his severe throat pain returned, and so he was given a new IV and pain medication. Exhibit B, pg. 38. He had the same complaint the next day, though he admitted to swallowing better than the night before. Exhibit B, pg. 39. He was examined, his IV continued, as were his medications and Miracle Mouthwash was provided. He was fed soup since he had not eaten breakfast or lunch, which he ate without complaint. Exhibit B, pg. 39-40. By March 10, 2001, the plaintiff was feeling better, resting quietly in bed, was smiling and friendly toward the medical staff and ate two bowls of soup for lunch. The plaintiff was still receiving an IV and medications and though he held his throat when he talked, he stated that it felt much better. Exhibit B, pg. 40.

12.     On March 11, 2001, the plaintiff stated that he was feeling better, but needed his pill for slight pain. He was examined, medications were provided as ordered, and he laid on his bed watching TV. He told the staff that he wanted to stay here [in the hospital]. Exhibit B, pg. 40-42. The staff noted that the plaintiff/patient was "doing much better [but] still on large soft diet." Exhibit B, pg. 42.

13.     By March 13, 2001, the plaintiff's throat was getting better and he could eat without as much difficulty. Exhibit B, pg. 43. He reported to a staff person that he complained to a doctor last week that he had blurry and double vision some times and the doctor told him it could be his sugar level, though at that time, his glycemia level was normal. Exhibit B, pg. 43. The next day he was resting comfortably and had no complaints. Exhibit B, pg. 43.

14.     The plaintiff's throat condition continued to improve every day, and he was discharged from the hospital on March 31, 2001 and transferred to Cheshire C.I. Exhibit B, pg. 44, 47-51. At the time of his transfer, the plaintiff was given a snack and his medication, though no insulin was needed. Exhibit B, pg. 50-51.

                                DEFENDANTS
                                JOHN ARMSTRONG, ET AL

                                RICHARD BLUMENTHAL
                                ATTORNEY GENERAL


BY:   __/s/_____
        Robert B. Fiske, III
        Assistant Attorney General
        Federal Bar No. ct17831
        110 Sherman Street
        Hartford, CT  06105
        Tel: (860) 808-5450
        Fax: (860) 808-5491
        e-mail: robert.fiske@po.state.ct.us


## CERTIFICATION

     I hereby certify that a copy of the foregoing, was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 10th day of August, 2005, first class postage prepaid to:

     Mr. Felix Cotto #183061
     Corrigan Correctional Institution
     986 Norwich-New London Turnpike
     Uncasville, CT 06382

                                          __/s/_____
                                            Robert B. Fiske, III
                                            Assistant Attorney General