United States District Court
District of Connecticut

FILED

Felix Cotto

v.

John Armstrong, et al.

3:02 CV 1562 TPS

2005 AUG 24 A 11:01

DISTRICT COURT

AUGUST CT. 18th 2005

Brief in opposition to
defendants' summary Judgment
motion

Statement of The Case

This is a 1983 action filed by a Prisoner who was formerly housed at Cheshire Correctional Inst. seeking damages, a declaratory Judgment and injunctive Relief based on the denial of Proper medical Care. defendants have filed a motion for summary Judgment as to Plaintiff's denial of Proper medical Care against defendants Armstrong, Rodriguez, maleh, Cooter, and John and Jane Doe, arguing that Their Conduct did not violate The Constitution.

Statement of facts

The Plaintiff's declaration submitted in Response to the defendants' motion states fron on or about Jan 1st 2002 until Feb. 27, 02 The defendants, Namely DR. maleh failed to Properly Treat The Plaintiff's diabeties and Continue to miss-diagnosis and Treat Plaintiff Passed out on his

1

Cell floor on Feb 27. 02 although defendant maleh know on Feb 05, 02 that Plaintiff Glucose serum level was 487 he Continue to diagnosis the Plaintiff as a diabetic and Continue to Prescribe the Plaintiff wrong medication. Plaintiff made defendants Armstrong, Rodriguez and Cooper sevaul times by letters and medical grievance that his health Condition is getting wrost they Nelegect in attempting to get the Plaintiff to Uconn Health Center. The Plaintiff's own medical Records that the defendants submitted with their motion for submitted Judgment Clearly shows that defendant maleh Continue to Properly Treat the Plaintiff for diabeties after Clearly knowing on Feb 5th 02 that Plaintiff's Glucose was 487 way above the normal level of 115.

The defendants' affidavits tells a different story. They Claim that the Plaintiff was Properly treated, which in fact they also admit that defendant maleh may have miss-diagnosis the Plaintiff and that defendant maleh may have been Neglected in diagnosising the Plaintiff's diabeties until Plaintiff was admited to Uconn Health Center on Feb 27, 2002

## Argument
### Point I

There are genuine issues of material fact that Preclude summary Judgment for the defendants on the Plaintiffs'

2

denial of Proper medical Care Claim.

Summary Judgment is to be granted only if the Record before the Court shows "That there is no genuine issuce as to any material fact and That the moving Party is entitled to Judgment as a matter of law" Rule 56(c), Fed. R. Civ. P. A "material" fact is one That "might affect the outcome of The suit under The governing law." <u>Anderson v. Liberty Lobby Inc</u> 477 U.S. 242, 248 (1986).

The affidavits of The Plaintiff and The defendants are squarely Contradictory as to The denial of Proper medical Care for diabeties. The allegations in Plaintiff's affidavit Portray a Completely lack of Proper diagnosis and Treatment for Plaintiff's diabeties. There is Clearly a genuine issuce of facts.

The factual dispute is also material under The governing law, whether The denial of Proper medical Care and miss-diagnosis of Plaintiff's diabeties violated The Plaintiff's Eighth Amedment Right The Continuing deprivation of Constitutional Rights Constitutes irreparable harm and specifically in Prison medical Care Case <u>Phillips v. michigan Dept. of Corrections.</u> 731 F. Supp 792, 801 (W.D. mich. 1990) aff'd 932 F. 2d 969 (6th Cir 1991), Eighth Amendment i stuff. (supra above.) The defendants unconstitutional "deliberate indifference" To Plaintiff medical needs violates The Eighth Amendment To The U.S. Coust.

3

Estelle v. Gamble, 429 U.S. 97, 105 S. Ct. (1976) The defendants in their brief clearly admitted that defendant maleh was at most negligent in their diagnosis and treatment for Plaintiff diabetics

defendants Armstrong, Rodriguez and Cooper where aware that the Plaintiff had a serious health issue and wasn't being Treated properly by defendant maleh, The defendants were aware of facts that the Plaintiff was seriously ill and failed to act, They violated Plaintiff's Eighth Amendment Right Farmer V. Brennan 511 U.S. 825, when Prison officials failed to adequately provide proper medical care to Prisoner They can be held liable Bryant v. Maffucci 923 F.2d 979, 986 (2nd Cir 1991), cert. denied 112 S.Ct 152 (1991).

The Plaintiff Request that this Court take Judicial notice That the defendants and their attorney violated State and federal law in their motion for summary Judgment by disclosing the Plaintiff HIV illness in a Public document to this court. 42 U.S.C. 1320 et seq, 45 C.F.R. 160 + 164, defendants and their attorney is well aware that Plaintiff's HIV illness protected under the federal Privacy Practices.

## Conclusion

For the foregoing Reasons, the defendants' motion for summary Judgment should be denied.

4

Respectfully submitted

*Felix Cotto*

Felix Cotto # 183061
Corrigan Corr Inst
986 Norwich-NL TPKe
Uncasville, CT 06382

## Certification

I hereby Certify That a Copy of The foregoing was mailed first Class Postage Pre Paid This 18th day of August 2005 To:

    mr Robert B. Fiske, III
    Assist Atty General
    110 Sherman Street
    Hartford, CT 06106

    *Felix Cotto*
    Felix Cotto