UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELIX COTTO | : | PRISONER |
| | : | CIVIL NO. 3:02CV1562(TPS) |
| v. | : | |
| | : | |
| COMMISSIONER JOHN ARMSTRONG, | : | |
| HECTOR RODRIGUEZ, DR. JACH D. | : | |
| MALEH, MR. COOPER, JOHN AND | : | |
| JANE DOE | : | OCTOBER 25, 2005 |

**DEFENDANT'S OPPOSTITION TO THE PLAINTIFF'S MOTION FOR
SUBSTITUTION OF DEFENDANT DR. JACK D. MALEH**

The above-named defendants respectfully oppose the plaintiff's motion, dated October 18, 2005, to substitute former defendant Dr. Jack D. Maleh, who was sued in his official and individual capacity but who is now deceased, with his successor Doctor Ricardo Ruiz. The defendants oppose the plaintiff's motion for substitution on two grounds. First, the plaintiff's motion for substitution of Doctor Ruiz is beyond the three year statute of limitations, and therefore any claim against Doctor Ruiz is time barred. Second, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the plaintiff's motion to substitute Doctor Ruiz for Dr. Maleh limits the plaintiff's claim against Dr. Ruiz to one for injunctive relief, due to his official status and power, but the plaintiff's claim for injunctive relief has already been dismissed by this Court in its decision on the defendant's motion for summary judgment.

I.   **THE PLAINTIFF'S CLAIM AGAINST DR. RUIZ IS BARRED BY THE
     STATUTE OF LIMITATIONS**

On October 18, 2005, the plaintiff filed a Motion for Substitution seeking to substitute Dr. Ruiz, the successor in interest to Dr. Maleh who is deceased, as a defendant in the plaintiff's §1983 civil rights action. However, the incidents alleged in the plaintiff's complaint occurred on

or before February 27, 2002. Because the Statute of Limitations for §1983 actions in three years, the Statute of Limitations expired on February 27, 2005. Thus, any claim against Dr. Ruiz would be time barred and therefore the Motion for Substitution should be denied.

Indeed. The applicable Statute of Limitations for §1983 actions is found in Conn. Gen. Stat. § 52-577 which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." *Lounsbury v. Jeffries*, 25 F.3d 131 (2d Cir. 1994). The Connecticut Statute is controlling, because the United States Congress has not enacted a statute of limitations which applies to actions brought under 42 U.S.C. §1983, so the Federal courts must look to the State statute of limitations for guidance. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975).

Therefore, given that the plaintiff is seeking to substitute Dr. Ruiz for Dr. Maleh on a date beyond the expiration of the Statute of Limitations, his motion should be denied.

## II. THE SUBSTITUTION OF DR. RUIZ FOR DR. MALEH LIMITS THE PLAINTIFF'S CLAIM TO ONE FOR INJUNCTIVE RELIEF WHICH HAS ALREADY BEEN DISMISSED BY THIS COURT, MAKING HIS MOTION FUTILE

In the event the plaintiff's motion to substitute Dr. Ruiz for Dr. Maleh is not barred by the Statute of Limitations, then his motion should nonetheless be denied, because his claims against Dr. Ruiz are limited to injunctive relief, but his claim for injunctive relief was dismissed by this Court in its October 5, 2005 decision on the defendant's motion for summary judgment. See F.R.C.P. Rule 25(d). Thus the granting of his motion would be futile.

The operative statute upon which the plaintiff relies for his Motion for Substitution, is Rule 25(d) of the Federal Rules of Civil Procedure. That rule provides in pertinent part,

> "When a public officer is a party to an action in an official capacity and during its pendency dies, . . . the action does not abate and the officer's successor is automatically substituted as a party."

Federal Rules of Civil Procedure, Rule 25(d).

While the wording of the statute "in an official capacity" is not to be confused with an official capacity suit against a state official thus implicating the Eleventh Amendment bar, it does limit a claim against a substituted party to one for effective relief which would call for corrective action by the new party due to their official status and position, since the former party no longer has the power and status to do so. *Society of Separationalists v. Pleasant GroveCity*, 416 F.3d 1239; 2005 U.S. App. LEXIS 15762 (10th Cir. August 1, 2005).  Thus, since Dr. Ruiz is the successor in power and status to the position held by Dr. Maleh who is deceased, and Dr. Ruiz is substituted as a defendant in this action, the plaintiff's claim against him would be limited to one for injunctive relief, then that claim would constitute one for effective relief and corrective action. *Id*.  But, this Court dismissed the plaintiff's claims for injunctive relief, thus his substitution of Dr. Ruiz as a party would be futile.  Therefore, the plaintiff's motion should be denied.

WHEREFORE, the defendants respectfully request that the plaintiff's motion to substitute Dr. Ruiz for Dr. Maleh, be denied.

.                                           DEFENDANTS
                                            JOHN ARMSTRONG, ET AL

                                            RICHARD BLUMENTHAL
                                            ATTORNEY GENERAL


                                    BY:     __/s/_____
                                            Robert B. Fiske, III
                                            Assistant Attorney General
                                            110 Sherman Street
                                            Hartford, CT  06105
                                            Federal Bar #ct17831
                                            E-Mail: Robert.Fiske@po.state.ct.us
                                            Tel: (860) 808-5450
                                            Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this, the 25TH day of October, 2005, to:

Inmate Felix Cotto, #183061
Corrigan Correctional Institution
986 Norwich-New London Turnpike
Uncasville, CT 06382

　　　　　　　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　　　　　　Robert B. Fiske, III
　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General